**Raymond J. DONOVAN, Secretary of Labor, U. S. Department of Labor, Plaintiff,**

v.

**James SUTHERLAND, individually and d/b/a Sutherland Fish & Chips, Defendant.**

Civ. No. 80–72340.

United States District Court, E. D. Michigan, S. D.

Jan. 26, 1982.

John C. Nangle, Associate Regional Solicitor U. S. Dept. of Labor, Detroit, Mich., for plaintiff.

Aubrey V. McCutcheon, Jr., Detroit, Mich., for defendant.

## OPINION

GUY, District Judge.

The court has before it plaintiff's motion for partial summary judgment in a proceeding brought by the Secretary of Labor alleging that the defendant, doing business as Sutherland Fish and Chips, has violated the minimum wage provisions of the Fair Labor Standards Act (29 U.S.C. § 201, *et seq.*), hereinafter called the Act. The only question before the court is whether the so-called "Mom and Pop" establishment exemption, found in § 3(s) of the Act, is applicable to the defendant's establishment.

Essentially, the defendant is the sole proprietor of a restaurant in Livonia, Michigan, which primarily sells fish and chips. The restaurant has been located at its present location for a number of years and did business elsewhere for a considerable period of time before that. The involvement of defendant, his mother, and a number of other relatives in the business is substantial, and has existed over a long period of time. The question presented here concerns whether the employment of others who have been paid allegedly as little as $1.25 an hour by the defendant is violative of the minimum wage provisions of the Act.

The statutory section in question reads as follows:

Any establishment which has as its only regular employees the owner thereof or the parent, spouse, child, or other member of the immediate family of such own-

er shall not be considered to be an enterprise engaged in commerce or in the production of goods for commerce or a part of such an enterprise, and the sales of such establishment shall not be included for the purpose of determining the annual gross volume of sales of any enterprise for the purpose of this subsection ....

Defendant's position in regard to this section is that his establishment's "only regular employees" are the family members delineated within this section and that therefore his establishment is entitled to the exemption.

With regard to the exemption, the Secretary has promulgated an interpretive rule which is found in 29 C.F.R. § 779.234, which offers some guidance in interpreting the phraseology relative to the "only regular employees" language contained in the Act. This interpretive rule reads in pertinent part as follows:

Section 3(c) provides that any "establishment which has as its only regular employees the owner thereof or the parent, spouse, child, or other member of the immediate family of such owner" shall not be considered to be an "enterprise" as described in section 3(r) or a part of any other enterprise. Further, the sales of such establishment are not included for the purpose of determining the annual gross volume of sales of any enterprise for the purpose of section 3(s). The term "other member of the immediate family of such owner" is considered to include relationships such as brother, sister, grandchildren, grandparents, and in-laws but not distant relatives from separate households. The 1966 amendments extended the exception to include family-operated establishments which only employ persons other than members of the immediate family infrequently, irregularly and sporadically.

■ Relative to the interpretative rule promulgated by the Secretary, the defendant contends that it does not have the force of law and is not binding on the court. That is certainly a correct proposition of law. However, as the courts have stated on

innumerable occasions, the Secretary's own interpretations of the Act are to be accorded considerable weight and are to be construed as a body of experienced and informed judgment; they are not to be disregarded by the court unless "there are compelling indications that [the interpretation] is wrong." *Red Lion Broadcasting Co. v. F. C. C.*, 395 U.S. 367, 381, 89 S.Ct. 1794, 1801, 23 L.Ed.2d 371 (1969).

Given the language of the statute in question, there may be some situations in which fine-line distinctions need to be made. The court, however, does not see this case as one of them. The facts which are undisputed in this case clearly indicate that the regular employees of this establishment include large numbers of individuals who are not within the family circle as defined by the Act.

As illustrative of that fact, the court cites the following from the undisputed facts before it.

The period in question is January 1978 through July 1981, a forty-three-month period. During that period, the total number of admitted employees employed by the defendant's establishment ranged from thirteen to thirty-four employees per week, and averaged twenty-two employees per week. Total weekly hours worked by such employees in the aggregate ranged from 200 to 395.5 hours per week, and averaged 308.5 hours per week.

The total number of individuals admittedly employed during the forty-three-month period was 229 employees. The employees filled roles and functions which were an integral part of the operation of the establishment. Regardless of how short a time any one individual might have worked, it would have been literally impossible to carry out the business of the establishment without the assistance of these employees who worked on a part-time basis.

There were fifty-one admitted employees who worked for periods of at least six months, eighteen of whom worked for periods of a year or more within the confines of the forty-three-month period.

Looking at the same group of fifty-one employees, there were six admitted employees whose average hours worked exceeded twenty hours per week, averaging approximately twenty-two hours per week or more.

These statistics graphically indicate that what has occurred in the operation of defendant's establishment is the regular employment of help from outside the family circle, such help constituting an integral and essential part of the establishment's operation.

Defendant misconstrues the word "regular." The word "regular" certainly does not mean "full-time." I do not think even the defendant contends that. However, the defendant entirely overlooks the categorical implications of the word "regular." For example, you cannot operate a restaurant without waiters; but what if you employ all of your waiters on a part-time, sporadic basis. You are nonetheless *regularly* employing waiters who are from outside of the family circle. It was not the intent of Congress to allow individuals to operate an establishment which, if able to hire people for short enough periods of time or work employees short enough hours, would not have to pay the people the same wages that someone else down the street would have to pay but for the fact that family members are involved in operating the establishment in question.

The court has previously indicated that this is not a close case. The court finds that, indeed, the non-family employees performed substantial if not more than half of the work hours maintained in this establishment for the relevant period. The court concludes that the intent of Congress in providing for family-run establishments to occasionally have fill-in help does not contemplate a situation such as the restaurant establishment maintained by this defendant. It is obvious, to this court anyway, that what Congress had in mind was a realization that even in family-run businesses people get sick, people have to go away, or that the hours at times may be longer than the immediate family members can handle themselves; in such cases, Congress

did not want to take away the exemption of the so-called "Mom and Pop" small establishment. However, Congress did not contemplate the wholesale employment of literally hundreds of people, such as in this case, working over a forty-three-month period on a regular basis insofar as there were outside persons employed every week of this forty-three-month period in substantial number relative to the family members who had the principal responsibility for the operation of the restaurant.

For the reasons outlined above, it appears clear to the court that there are no disputed questions of fact insofar as the exemption is concerned and that the plaintiff is therefore entitled to partial summary judgment on this question.